United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARY D. SWIERSKI,

          Petitioner,

    v.

J.A. LIZARRAGA, Warden,

          Respondent.

Case No. 16-cv-03199-HSG (PR)

**ORDER TO STAY PROCEEDINGS AND
ADMINISTRATIVELY CLOSE CASE;
GRANTING APPLICATION TO
PROCEED IN FORMA PAUPERIS**

Re: Dkt. Nos. 3, 6

Gary D. Swierski, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed in forma pauperis. Petitioner has also filed a motion to stay his federal petition while he exhausts his remedies in state court.

## BACKGROUND

The petition provides the following information: In 2012, a Santa Clara County jury found petitioner guilty of first degree murder. He was sentenced to twenty-five years to life in state prison. Petitioner appealed. In 2014, the California Court of Appeal affirmed the judgment. Petitioner filed a petition for review and a state habeas petition in the California Supreme Court, both of which were denied. He later filed a state habeas petition in Santa Clara County Superior Court, which remains pending. On June 14, 2016, petitioner filed the instant federal petition along with his motion to stay.

## DISCUSSION

**A.    Review of Petition**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A

United States District Court
Northern District of California

1    district court considering an application for a writ of habeas corpus shall "award the writ or issue

2    an order directing the respondent to show cause why the writ should not be granted, unless it

3    appears from the application that the applicant or person detained is not entitled thereto." 28

4    U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are

5    vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*,

6    908 F.2d 490, 491 (9th Cir. 1990).  Liberally construed, petitioner's claims appear cognizable

7    under § 2254 and merit an answer from respondent. *See Zichko v. Idaho*, 247 F.3d 1015, 1020

8    (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

9    **B.**    **Motion for Stay**

10         Petitioner has moved to stay these proceedings and hold his petition in abeyance so that he

11    may exhaust state court remedies for his claims.  As noted above, petitioner filed a state habeas

12    petition in the Santa Clara County Superior Court, which remains pending.  Upon due

13    consideration, the Court GRANTS petitioner's motion to stay and hold these proceedings in

14    abeyance. Dkt. No. 6.  Liberally construing the motion, it appears that petitioner has shown good

15    cause for his failure to exhaust the claims before filing this action, the claims do not appear

16    patently meritless, and there does not appear to be any intentionally dilatory litigation tactic by

17    petitioner. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).  Petitioner is cautioned that he

18    must exhaust his claims in the California Supreme Court. *See McNeeley v. Arave*, 842 F.2d 230,

19    231 (9th Cir. 1988) (petitioner must present to the highest state court all claims he wishes to raise

20    in a federal habeas petition).  Petitioner must also promptly return to federal court after his state

21    court proceedings have concluded. *See Rhines*, 544 U.S. at 277-78.

22         The Court notes that petitioner's federal claims were presented in two separate filings. *See*

23    dkt. nos. 5, 9.  In the claims section of his petition, he also refers the Court to his petition for

24    review to the California Supreme Court, which was submitted as an exhibit to the petition. *See*

25    dkt. no. 7.  Given the piecemeal presentation of the claims, the Court is unclear which of

26    petitioner's many claims he seeks to assert as grounds for federal habeas relief.  When petitioner

27    moves to reopen the action following exhaustion, he must file an amended petition clearly

28    identifying each claim that has been exhausted in state court that he seeks to raise in this action.

**United States District Court**
**Northern District of California**

**CONCLUSION**

1.      Petitioner's motion for a stay is GRANTED.  This action is hereby STAYED while petitioner exhausts his claims in the state courts.

2.      If petitioner is not granted relief in state court, he may return to this Court and ask that the stay be lifted.  To do so, petitioner must notify this court within **thirty (30) days** from the date the California Supreme Court completes its review of petitioner's claims.  The notice must clearly identify in the caption that it is to be filed in Case No. C 16-3199 HSG (PR).  Upon petitioner's filing of the notification that his claims have been exhausted, the stay will be lifted, the case will be reopened, and the Court will schedule further proceedings.

3.      The Clerk shall mail petitioner a copy of the Court's form habeas petition along with this order.

4.      If petitioner does not take any further action, this case will remain stayed and he will not receive any ruling from the Court on his petition.

5.      Based on his affidavit of poverty, petitioner's application for leave to proceed in forma pauperis (dkt. no. 3) is GRANTED.

6.      The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action.  This has no legal effect; it is purely a statistical procedure.

This order terminates Docket Nos. 3 and 6.

**IT IS SO ORDERED.**

Dated:  9/28/2016

_Haywood S. Gilliam Jr._
HAYWOOD S. GILLIAM, JR.
United States District Judge

3