UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY D SWIERSKI,<br><br>    Petitioner,<br><br>v.<br><br>CRAIG KOENIG, Warden,<br><br>    Respondent. | Case No. 16-cv-03199-HSG (PR)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

On May 27, 2016, Petitioner Gary D. Swierski, an inmate at the California Correctional Training Facility, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction and sentence from Santa Clara County Superior Court. Petitioner conceded that several of his claims had not been exhausted in the state courts. On September 28, 2016, the Court stayed the petition pending exhaustion of Petitioner's claims in the California Supreme Court.

On February 22, 2018, Petitioner filed an amended petition and moved to reopen the action, noting that the California Supreme Court had denied his state habeas petition on January 24, 2018. On April 2, 2018, the Court reopened the action and dismissed the amended petition with further leave to amend. On April 26, 2018, Petitioner filed a second amended petition, which is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

**BACKGROUND**

According to the second amended petition, in 2012, Petitioner was sentenced by a Santa Clara County jury to first degree murder and was sentenced to 25 years to life in state prison. In 2014, the California Court of Appeal affirmed the judgment. Petitioner then filed a petition for review and petition for habeas corpus in the California Supreme Court, both of which were denied. Petitioner filed unsuccessful state habeas petitions in the state superior, appellate, and supreme courts. As noted above, the California Supreme Court denied his last state habeas petition on January 24, 2018.

**DISCUSSION**

**A. Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B. Claims**

As grounds for federal habeas relief, Petitioner claims: (1) the trial court erred in denying his motion seeking dismissal of the case, filed pursuant to *California v. Trombetta*, 467 U.S. 479 (1984) and *Arizona v. Youngblood*, 488 U.S. 51 (1988); (2) the trial court erred in admitting a variety of prejudicial and inflammatory letters; (3) the trial court deprived him of the right to present a complete defense by threatening to admit inflammatory and prejudicial evidence if he did so; (4) the trial court erred in admitting prejudicial and inflammatory evidence, which served no purpose other than to arouse the jury's passions and prejudices; (5) the trial court erred by failing to instruct the jury on imperfect self-defense voluntary manslaughter; (6) the trial court erred in allowing the prosecution's coroner to testify extensively about the mechanics of strangulation; (7) the trial court erred in omitting relevant parts of the jury instruction that were an

element of the statutory charge; (8) the trial court erred in restricting defense counsel's cross-examination of the prosecution's key witness; (9) the prosecutor committed misconduct, on multiple grounds; (10) defense counsel rendered ineffective assistance, on multiple grounds; (11) appellate counsel rendered ineffective assistance, on multiple grounds; (12) law enforcement failed to preserve material, exculpatory evidence; (13) the cumulative effect of the above errors prejudiced Petitioner; and (14) there was insufficient evidence to support the conviction. Liberally construed, the claims appear arguably cognizable under § 2254 and merit an answer from Respondent. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

Petitioner includes one additional claim in which he argues that the Double Jeopardy Clause of the Fifth Amendment bars retrial if his petition is granted. The claim addresses the remedy Petitioner seeks and does not assert that the underlying trial violated double jeopardy. Accordingly, the double jeopardy claim is DISMISSED. *See Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc) (If relief will not "necessarily lead to immediate or speedier release," no federal habeas claim lies.).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall mail a copy of this order and the second amended petition with all attachments (dkt. no. 19) to the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of the date the answer is filed.

3

3. Respondent may file, within **sixty (60) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: 7/18/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge