UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY D SWIERSKI,<br><br>    Petitioner,<br><br>v.<br><br>CRAIG KOENIG,<br><br>    Respondent. | Case No. 16-cv-03199-HSG<br><br>**ORDER ADDRESSING PETITIONER'S OBJECTIONS; DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION OF DISMISSAL OF DOUBLE JEOPARDY CLAIM; DENYING REQUEST TO AUGMENT RECORD ON APPEAL**<br><br>Re: Dkt. Nos. 20, 23, 24, 36, 39 |

Petitioner Gary D. Swierski, an inmate at Correctional Training Facility in Soledad, California, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction and sentence from Santa Clara County Superior Court. This order addresses Petitioner's objections to the Court's April 2, 2018 Order Reopening Action; Order of Dismissal with Leave to Amend (Dkt. No. 20); objections to the Court's July 18, 2018 Order to Show Cause (Dkt. Nos. 23, 24); motion requesting that the Court reconsider its dismissal of his double jeopardy claim (Dkt. No. 36); and motion to augment the record on appeal (Dkt. No. 39).[1]

**PROCEDURAL BACKGROUND**

On September 28, 2016, the Court granted Petitioner's request to stay the proceedings so that he could exhaust state court remedies for his claims. Dkt No. 11. On April 2, 2018, the Court granted Petitioner's request to reopen this action, and dismissed the amended petition with leave to amend. Dkt. No. 18. On July 18, 2018, the Court found that the second amended petition stated the following cognizable claims: (1) the trial court erred in denying his motion seeking dismissal

---

[1] Also pending before the Court is Respondent's Motion to Dismiss the Petition in Part (Dkt. No. 25), which the Court addresses in a separate order.

of the case, filed pursuant to *California v. Trombetta*, 467 U.S. 479 (1984) and *Arizona v. Youngblood*, 488 U.S. 51 (1988); (2) the trial court erred in admitting a variety of prejudicial and inflammatory letters; (3) the trial court deprived him of the right to present a complete defense by threatening to admit inflammatory and prejudicial evidence if he did so; (4) the trial court erred in admitting prejudicial and inflammatory evidence, which served no purpose other than to arouse the jury's passions and prejudices; (5) the trial court erred by failing to instruct the jury on imperfect self-defense voluntary manslaughter; (6) the trial court erred in allowing the prosecution's coroner to testify extensively about the mechanics of strangulation; (7) the trial court erred in omitting relevant parts of the jury instruction that were an element of the statutory charge; (8) the trial court erred in restricting defense counsel's cross-examination of the prosecution's key witness; (9) the prosecutor committed misconduct, on multiple grounds; (10) defense counsel rendered ineffective assistance, on multiple grounds; (11) appellate counsel rendered ineffective assistance, on multiple grounds; (12) law enforcement failed to preserve material, exculpatory evidence; (13) the cumulative effect of the above errors prejudiced Petitioner; and (14) there was insufficient evidence to support the conviction. Dkt. No. 21. The Court dismissed the second amended petition's double jeopardy claim as follows:

> Petitioner includes one additional claim in which he argues that the Double Jeopardy Clause of the Fifth Amendment bars retrial if his petition is granted. The claim addresses the remedy Petitioner seeks and does not assert that the underlying trial violated double jeopardy. Accordingly, the double jeopardy claim is DISMISSED. *See Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc) (If relief will not "necessarily lead to immediate or speedier release," no federal habeas claim lies.).

Dkt. No. 21 at 3.

**DISCUSSION**

**A.  Objections to April 2, 2018 Order and July 18, 2018 Order**

Petitioner has filed objections to the Court's April 2, 2018 Order Reopening Action; Order of Dismissal with Leave to Amend (Dkt. No. 20) and to the Court's July 18, 2018 Order to Show Cause (Dkt. Nos. 23, 24), which the Court construes as motions for reconsideration.[2] In the

---

[2] Petitioner appears to have mistaken the Court's orders for reports and recommendations issued by a magistrate judge. Pursuant to Rule 72 of the Federal Rules of Civil Procedure, where a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement is assigned to a magistrate judge without the parties' consent, a magistrate judge must

Northern District of California, no motion for reconsideration of an interlocutory order may be brought without leave of court. *See* Civil L.R. 7-9(a). Under Civil Local Rule 7-9, the moving party must specifically show *inter alia* a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* Civil L.R. 7-9(b)(3).[3] Petitioner's objections are numerous and argue *inter alia* that the Court has misrepresented or mischaracterized his filings, i.e. he did not concede that some claims were unexhausted; he did not raise issues piecemeal (Dkt. No. 20 at 2); that the Court has made typographical errors or clerical errors; that the Court has failed to apply the mailbox filing rule in referencing the docketing date for the pleadings thereby imply that his pleadings were filed late (Dkt. No. 20 at 3; Dkt. No. 23 at 1–2); that the Court should have listed his claims exactly as he phrased them (Dkt. No. 24); that the Court failed to acknowledge his *Brady* claim (Dkt. No. 24 at 3); and that the Court erred in dismissing his double jeopardy claim (Dkt. No. 23 at 3–4, Dkt. No. 24 at 3). Petitioner speculates that the reason for the alleged errors is that the Court is not reading his pleadings.

The Court has reviewed Petitioner's pleadings in detail, as it did when issuing its earlier orders, and finds that Petitioner has not demonstrated that there was a manifest failure by the Court to consider material facts when it issued its April 2, 2018 Order Reopening Action; Order of Dismissal with Leave to Amend or when it issued its July 18, 2018 Order to Show Cause. Because there was no failure on the Court's part, the Court will not address each of numerous Petitioner's objections. Moreover, the majority of Petitioner's objections misunderstand the Court's instructions, misunderstand the relevant law, and/or focus on issues which are not legally relevant. To illustrate this, the Court addresses a handful of Petitioner's objections. The Court's use of docketing dates to identify pleadings, rather than the dates that Petitioner handed his

---

enter a recommended disposition which includes, if appropriate, proposed findings of fact. Fed. R. Civ. P. 72(b)(1). A party may file objections to the proposed findings and recommendation, and the district court must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(2)-(3).

[3] A party may also seek reconsideration on the grounds that (1) at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order. N.D. Cal. L.R. 7-9(b)(1)-(2).

1 pleadings to prison officials for mailing, is intended to allow readers to quickly identify the
2 relevant pleadings. If the timeliness of Petitioner's federal pleadings becomes dispositive in this
3 action – which it currently is not – the Court will apply the applicable law in determining
4 timeliness and filing dates. The Court's description of Petitioner's habeas claims properly
5 identified the cognizable federal habeas claims. Not every error states a claim for federal habeas
6 relief, even if the error violates state law or would require reversal of a conviction in a different
7 context. To the extent that Petitioner believes that the Court is unfairly limiting his ability to seek
8 federal habeas relief by instructing Petitioner to state his claims concisely and avoid piecemeal
9 litigation, the Court notes that other than providing general guidelines, the Court has not restricted
10 Petitioner's filings and has allowed Petitioner to file a second amended petition that is over 300
11 pages long. The Court's July 18, 2018 acknowledged Petitioner's *Brady* claim in Claim No. 12.
12 If there are clerical or typographical errors in the Court's orders, these errors are not grounds for
13 modifying or otherwise disturbing an order. Fed. R. Civ. P. 61. "At every stage of the
14 proceeding, the court must disregard all errors and defects that do not affect any party's substantial
15 rights." *Id.* Finally, the Court's dismissal of the double jeopardy claim is supported by the law, as
16 explained below.

17 Because Petitioner has not shown that there was a manifest failure by the Court to consider
18 material facts when it issued its April 2, 2018 Order Reopening Action; Order of Dismissal with
19 Leave to Amend or when it issued its July 18, 2018 Order to Show Cause, Petitioner's requests for
20 leave to file motions for reconsideration of these orders is DENIED. Dkt. Nos. 20, 23, and 24.

21 **B.      Motion Requesting Reconsideration of Dismissal of Double Jeopardy Claim**

22 Petitioner has filed a motion seeking reconsideration of the Court's dismissal of his double
23 jeopardy claim in the July 18, 2018 Order to Show Cause. Dkt. No. 36. Petitioner has not shown
24 that there was a manifest failure by the Court to consider material facts in dismissing his double
25 jeopardy claim. Petitioner does not claim that his conviction violated the Double Jeopardy clause
26 of the federal constitution. Rather, he argues that pursuant to the Double Jeopardy clause, if he is
27 entitled to federal habeas relief, then "[d]ismissal with prejudice to bar retrial is the only means of
28 avoiding further prejudice to Petitioner." Dkt. No. 19-8 at 2; *see generally* Dkt. No. 19-8 at 1–4.

1  The dismissal with prejudice concerns the remedy sought, and not the grounds for vacating the
2  conviction. Accordingly, the Court properly dismissed this claim as failing to state a cognizable
3  claim for federal habeas relief. Petitioner's request for leave to file a motion for reconsideration of
4  the Court's dismissal of his double jeopardy claim in the July 18, 2018 Order to Show Cause is
5  DENIED.

### C. Motion to Augment Record on Appeal

Petitioner requests that he be allowed to augment the record on appeal with the following documents: an excerpt of a letter from Jonathan Berger, the appellate attorney who represented Plaintiff in his direct appeal, which discusses his biased juror claim; the motion filed by Berger seeking to augment the record on direct appeal with *inter alia* transcripts of certain portions of the jury selection process; and certain CDCR Form 22s, an inmate non-priority pass, and CDCR Form 129 Inmate Pass, ALL related to Petitioner's accessing his legal documents to prosecute this action. Dkt. No. 39. The instant federal habeas action is not an appeal of Petitioner's state court conviction. As explained above, federal habeas relief is limited in its availability. Federal habeas relief is available only for claims "adjudicated on the merits" in state court where the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In reviewing the reasonableness of a state court's decision to which § 2254(d)(1) applies, a district court may rely only on the record that was before the state court. *See Cullen v. Pinholster*, 563 U.S. 170, 180 (2011) (holding that new evidence presented at evidentiary hearing cannot be considered in assessing whether state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law" under § 2254(d)(1)). Accordingly, in considering whether Petitioner is entitled to federal habeas relief, the Court may not consider evidence that was not presented to the state court. The Court therefore DENIES Petitioner's request to augment the record with the specified CDCR forms because they were not presented in the state court proceedings and because they are not relevant to whether the state court decisions

were contrary to, or involved an unreasonable application of, clearly established Federal law; or resulted in decisions that were based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. The Court DENIES Petitioner's request to augment the record with the excerpt of the letter by attorney Berger and the December 6, 2012 request to augment the record. It is unclear whether these documents were presented to the state court. If these documents were presented to the state court, then this request is moot. If these documents were not presented to the state court, then the Court may not consider these documents in determining whether Petitioner is entitled to federal habeas relief and must deny this request.

## CONCLUSION

For the foregoing reasons, the Court DENIES Petitioner's requests for leave to file motions for reconsideration of the Court's April 2, 2018 Order Reopening Action; Order of Dismissal with Leave to Amend and the Court's July 18, 2018 Order to Show Cause (Dkt. Nos. 23, 24); Petitioner's request for leave to file a motion for reconsideration of the Court's dismissal of his double jeopardy claim (Dkt. No. 36); and Petitioner's motion to augment the record on appeal (Dkt. No. 39).

This order terminates Dkt. Nos. 20, 23, 24, 36, 39.

**IT IS SO ORDERED.**

Dated: 6/14/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge