UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARY D SWIERSKI,

Petitioner,

v.

CRAIG KOENIG,

Respondent.

Case No. 16-cv-03199-HSG

**ORDER GRANTING MOTION TO DISMISS PETITION IN PART; REQUIRING RESPONDENT TO SHOW CAUSE**

Re: Dkt. No. 25

Petitioner Gary D. Swierski, an inmate at Correctional Training Facility in Soledad, California, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction and sentence from Santa Clara County Superior Court. Pending before the Court is Respondent's Motion to Dismiss the Petition in Part. Dkt. No. 25. Petitioner has filed an opposition, Dkt. No. 27; Respondent has filed a reply, Dkt. No. 31; and Petitioner has filed a sur-reply, Dkt. Nos. 35 and 37.[1] For the reasons set forth below, the Court GRANTS Respondent's Motion to Dismiss the Petition in Part.

**BACKGROUND**

On June 20, 2012, a jury found Petitioner guilty of first degree murder and the state court sentenced him to an indeterminate term of twenty-five years to life. *People v. Swierski*, No. H038846, 2014 WL 6680126, at *1 (Cal. Ct. App. Nov. 25, 2014). On March 6, 2014, Petitioner appealed the conviction on the following grounds: the trial court erred in denying his

[1] Petitioner did not obtain leave of court to file his sur-reply, as is required by the Local Rules of the Northern District of California. N.D. Cal. Civil L.R. 7-3(d). Although the Court has considered Petitioner's sur-reply in deciding this motion, Petitioner is cautioned that in the future he must comply with all the relevant rules of procedure, including the local rules of this district. *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d, 52, 54 (9th Cir. 1995) (noting that *pro se* litigants are bound by the rules of procedure).

*Youngblood*/*Trombetta* motion; the trial court deprived him of his right to present a complete defense by threatening to admit inflammatory and prejudicial evidence if he did so; the trial court violated his due process rights when it admitted prejudicial and inflammatory evidence, specifically the admission of evidence of his prior acts of domestic violence against Casinillo and certain letters written by Petitioner; trial counsel was ineffective when he failed to object to (1) the admission of certain letters written by Petitioner, (2) the admission of assistant medical examiner Dr. Jorden's testimony regarding strangulation, and (3) to two instances of prosecutorial misconduct during the prosecutor's summation to the jury, specifically the prosecutor's misstatement of the law with respect to the burden of proof and the prosecutor's vouching for prosecution witness Eva Swierski; failure to instruct on imperfect self-defense voluntary manslaughter; and cumulative error. *See generally Swierski*, 2014 WL 6680126; Dkt. No. 6 at 11. That same day, appellate counsel also filed a habeas petition in the state appellate court, which raised two of the issues raised in the direct appeal.[2] *Swierski*, 2014 WL 6680126, at *1; Dkt. No. 6 at 11. On November 25, 2014, the state appellate court affirmed the judgment and denied the appeal. The appellate court also denied the habeas petition by separate order. *See id.* On January 2, 2015, the California Supreme Court received a petition for review from Petitioner which raised the same issues as raised in his direct appeal, Dkt. No. 25-1 at 3–72, as well as a habeas petition which raised the following issues: (1) the trial court deprived him of his right to present a complete defense by threatening to admit inflammatory and prejudicial evidence if he did so, and (2) trial counsel was ineffective when he failed to object to the admission of damaging evidence, specifically assistant medical examiner Dr. Jorden's testimony regarding strangulation, and to two instances of prosecutorial misconduct during the prosecutor's summation to the jury, specifically the prosecutor's misstatement of the law with respect to the burden of proof and the prosecutor's vouching for prosecution witness Eva Swierski, Dkt. No. 25-2 at 3–68. On February 25, 2015, the California Supreme Court summarily denied both the petition for review and the habeas petition. *See* Dkt. No. 25-1 at 2 and Dkt. No. 25-2 at 2.

[2] It is unclear which two issues were raised in this petition because this petition has not been filed in the record.

On June 10, 2016, the Court opened the instant habeas action pursuant to its receipt of documents from Petitioner. Dkt. No. 1. On June 14, 2016, the Court docketed a motion from Petitioner requesting that the Court stay and hold in abeyance the instant action so that he could exhaust his claims in state court. Dkt. No. 6. On September 28, 2016, the Court granted Petitioner's request to stay the proceedings so that he could exhaust state court remedies for his claims. Dkt. No. 11.

On November 3, 2017, the California Supreme Court docketed a habeas petition from Petitioner which raised the following claims: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) the trial court abused its discretion in how it handled the *Trombetta* hearing regarding the three tapes of the victim's agitated violent outbursts; (4) the prosecution failed to disclose the tapes of the victim's outbursts, and the police destroyed said tapes, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (5) the trial court violated his rights under the Due Process Clause when it refused to allow him to argue that he was the victim of Intimate Partner Battering; (6) the trial court violated his rights under the Equal Protection Clause because it prevented him from arguing that he was the victim of Intimate Partner Battering because of his gender; (7) the trial court erred in excluding certain extrinsic evidence that corroborated Petitioner's testimony and certain outside expert testimony; (8) prosecutorial misconduct; (9) the trial court erred in allowing the prosecution's coroner to testify based on Eva's hearsay; (10) instructional error; (11) conspiracy between defense counsel and the prosecutor to redact information from exhibits 25 and 43; (12) cumulative error; (13) insufficient evidence as a matter of law; (14) the trial court unfairly restricted the defense's cross-examination of the key prosecution witness; and (15) actual innocence. Dkt. No. 25-3.

On January 24, 2018, the California Supreme Court denied the habeas petition as follows:

> The petition for writ of habeas corpus is denied. (See *In re Robbins* (1998) 18 Cal. 4th 770, 780 [courts will not entertain habeas corpus claims that are untimely]; *In re Clark* (1993) 5 Cal.4th 750, 767-769 [courts will not entertain habeas corpus claims that are successive].)

Dkt. No. 15 at 386.

On April 2, 2018, the Court granted Petitioner's request to reopen this action, and



United States District Court
Northern District of California

dismissed the amended petition with leave to amend. Dkt. No. 18. On July 18, 2018, the Court found that the second amended petition stated the following cognizable claims: (1) the trial court erred in denying his motion seeking dismissal of the case, filed pursuant to *California v. Trombetta*, 467 U.S. 479 (1984), and *Arizona v. Youngblood*, 488 U.S. 51 (1988); (2) the trial court erred in admitting a variety of prejudicial and inflammatory letters; (3) the trial court deprived him of the right to present a complete defense by threatening to admit inflammatory and prejudicial evidence if he did so; (4) the trial court erred in admitting prejudicial and inflammatory evidence which served no purpose other than to arouse the jury's passions and prejudices; (5) the trial court erred by failing to instruct the jury on imperfect self-defense voluntary manslaughter; (6) the trial court erred in allowing the prosecution's coroner to testify extensively about the mechanics of strangulation; (7) the trial court erred in omitting relevant parts of the jury instruction that were an element of the statutory charge; (8) the trial court erred in restricting defense counsel's cross-examination of the prosecution's key witness; (9) the prosecutor committed misconduct on multiple grounds; (10) defense counsel rendered ineffective assistance on multiple grounds; (11) appellate counsel rendered ineffective assistance on multiple grounds; (12) law enforcement failed to preserve material, exculpatory evidence; (13) the cumulative effect of the above errors prejudiced Petitioner; and (14) there was insufficient evidence to support the conviction. Dkt. No. 21.

**DISCUSSION**

Respondent has filed a motion to dismiss Claim Nos. 6–9, 11, 12, and 14, and certain of the ineffective assistance of trial counsel subclaims (Claim No. 10), as procedurally barred because they were dismissed as untimely by the California Supreme Court with citations to *In re Robbins*, 18 Cal. 4th 770, 780 (Cal. 1998), and to *In re Clark*, 5 Cal. 4th 750, 767–69 (Cal. 1993). Dkt. No. 25. Petitioner argues that his claims are not procedurally barred because the California Supreme Court applied the timeliness bar in a discretionary, surprising and unfair manner; he is entitled to the exceptions to the *Clark* procedural bar; he can demonstrate cause and prejudice to excuse the procedural default; and he is actually innocent. Dkt. No. 27.

//

United States District Court
Northern District of California

**A. Standard**

A federal court will not review questions of federal law decided by a state court if the decision also rests on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991). In the context of direct review by the United States Supreme Court, the "adequate and independent state ground" doctrine goes to jurisdiction; in federal habeas cases, in whatever court, it is a matter of comity and federalism. *Id.* The procedural default rule is a specific instance of the more general "adequate and independent state grounds" doctrine. *Wells v. Maass*, 28 F.3d 1005, 1008 (9th Cir. 1994).

In cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

The cause standard requires the petitioner to show that "'some objective factor external to the defense impeded counsel's efforts'" to construct or raise the claim." *McClesky v. Zant*, 499 U.S. 467, 493 (1991) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Objective factors that constitute cause include interference by officials that makes compliance with the state's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to counsel. *See id.* at 493–94. Petitioner also must show actual prejudice resulting from the errors of which he complains. *See McCleskey*, 499 U.S. at 494; *United States v. Frady*, 456 U.S. 152, 168 (1982). Petitioner bears the burden of showing not just that errors at his trial created a possibility of prejudice, but that they "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170 (emphasis in original). To ascertain the extent to which such errors taint the constitutional sufficiency of the trial, they must be evaluated in the total context of the events at trial. *See Paradis v. Arave*, 130 F.3d 385, 393 (9th Cir. 1997) (citing *Frady*, 456 U.S. at 169).

If a state prisoner cannot meet the cause and prejudice standard, a federal court may still

hear the merits of the successive, abusive, procedurally defaulted or untimely claims if the failure to hear the claims would constitute a "miscarriage of justice." *See McQuiggin v. Perkins*, 569 U.S. 383, 391–92 (2013) (holding that miscarriage of justice (actual innocence) showing applies to claims filed after the AEDPA statute of limitations has run, as well as to successive, abusive and procedurally defaulted claims). The Supreme Court limits the "miscarriage of justice" exception to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (citing *Murray*, 477 U.S. at 496); *see Johnson v. Knowles*, 541 F.3d 933, 936–38 (9th Cir. 2008) ("[t]he miscarriage of justice exception is limited to those *extraordinary* cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt."). "To be credible, [an actual innocence] claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. This does not mean a petitioner need always affirmatively present physical evidence that he did not commit the crime with which he is charged. *Gandarela v. Johnson*, 286 F.3d 1080, 1086 (9th Cir. 2002). The required evidence must create a colorable claim of actual innocence (i.e, that the petitioner is innocent of the charge for which he is incarcerated, as opposed to legal innocence as a result of legal error). *Schlup*, 513 U.S. at 321. It is not enough that the evidence show the existence of reasonable doubt: petitioner must show "that it is more likely than not that no reasonable juror would have convicted him." *Id.* at 329 (internal quotation marks omitted). As the Ninth Circuit has put it, "the test is whether, with the new evidence, it is more likely than not that no reasonable juror would have found [p]etitioner guilty." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001); *see, e.g., Carriger v. Stewart*, 132 F.3d 463, 478 (9th Cir. 1997) (en banc) (petition qualified for *Schlup* gateway on a showing that chief prosecution witness had confessed to crime under oath in postconviction court and that prosecution had failed to produce file disclosing that witness was known liar).

**B. Analysis**

Respondent is correct that the reference to *In re Robbins*, 18 Cal. 4th 770, 780 (Cal. 1998),

and to *In re Clark*, 5 Cal. 4th 750, 767–69 (Cal. 1993), indicates the application of California's timeliness rule.[3] *Walker v. Martin*, 562 U.S. 307, 313 (2011) ("A summary denial [of a habeas petition by the California Supreme Court] citing *Clark* and *Robbins* means that the petition is rejected as untimely."); *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007) (citation in California Supreme Court's summary order to *In re Robbins*, 18 Cal. 4th 770, 780 is "a clear ruling that [] petition was untimely"). Respondent is also correct that California's timeliness rule is both independent, *Bennett v. Mueller*, 322 F.3d 573, 582–83 (9th Cir. 2003), and adequate, *Walker*, 562 U.S. 307 at 316, and thus may be the basis for a federal district court to hold that a claim has been procedurally defaulted and therefore may not be considered on the merits by the federal court. Federal habeas review of Petitioner's claims that were only raised in his November 2017 habeas petition is barred unless he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

**1. California Supreme Court's Application of the Timeliness Rule**

Petitioner argues that in applying California's timeliness rule, the California Supreme Court exercised its discretion "in a surprising or unfair manner that was arbitrary, capricious, illogical, implausible, a clear error of judgment, an error of law, and a fundamental unfairness," thereby rendering California's timeliness rule neither adequate nor independent, and that California's timeliness rule discriminates against federal claims. Dkt. No. 27 at 6, 8–12. Petitioner's arguments misunderstand the independent and adequate requirement. California's timeliness rule is an independent state ground for a state court's decision because on August 3, 1998, the California Supreme Court announced that it would no longer consider federal law when deciding whether claims were untimely. *In re Robbins*, 18 Cal. 4th at 811–12. The Ninth Circuit acknowledged the independence of California's timeliness rule in *Bennett v. Mueller*, 322 F.3d 573, 582–83 (9th Cir. 2003):

[3] Because the Court has found that the California Supreme Court's application of the timeliness rules bars federal review of Petitioner's claims that were raised only in his second state habeas petition, the Court declines to address Petitioner's arguments regarding the California Supreme Court's application of California's bar on successive petitions.

> Applying Robbins prospectively, we affirm the district court's determination that the California Supreme Court's post-*Robbins* denial of Bennett's state petition for lack of diligence (untimeliness) was not interwoven with federal law and therefore is an independent procedural ground.

*Bennett*, 322 F.3d at 582–83. In 2011, the Supreme Court held that although California's timeliness rule is discretionary, it is adequate. *Walker*, 562 U.S. at 316. The Supreme Court's analysis directly refutes Petitioner's argument that California's timeliness rule is not consistently applied.

> To qualify as an "adequate" procedural ground, a state rule must be "firmly established and regularly followed". *Kindler*, 558 U.S., at 60 – 61, 130 S.Ct., at 618 (internal quotation marks omitted). "[A] discretionary state procedural rule," we held in *Kindler*, "can serve as an adequate ground to bar federal habeas review." *Id.*, at 60, 130 S.Ct., at 618. A "rule can be 'firmly established' and 'regularly followed,'" *Kindler* observed, "even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Id.*, at 60 – 61, 130 S.Ct., at 618.
>
> California's time rule, although discretionary, meets the "firmly established" criterion, as *Kindler* comprehended that requirement. . . .
>
> Nor is California's time rule vulnerable on the ground that it is not regularly followed. Each year, the California Supreme Court summarily denies hundreds of habeas petitions by citing *Clark* and *Robbins*.

*Walker*, 562 U.S. at 316–18.

Petitioner further argues that the California Supreme Court incorrectly applied the timeliness rule to bar his claims, and that he has demonstrated that he qualifies for the exception to California's timeliness requirement, because he was faced with a state-created impediment and he was still investigating his claim at the time he filed his second state habeas petition. Dkt. No. 27 at 2. "Federal habeas courts lack jurisdiction . . . to review state court applications of state procedural rules." *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999). Petitioner's argument that the state court incorrectly applied its own procedural rule does not excuse the default or otherwise allow this Court to review his procedurally barred claims.

**3. Cause and Prejudice to Excuse Procedural Default**

Petitioner argues that the alleged *Brady* violation and habeas counsel's ineffective assistance constitute cause to excuse the procedural default.

**a. *Brady* violation**

Petitioner alleges that the prosecutor "failed to disclose material, exculpatory, impeaching evidence before the police destroyed the evidence." Dkt. No. 27 at 3. The evidence referred to is

three audiotapes that Petitioner alleges are recordings of the victim having violent outbursts and threatening to kill Petitioner. Petitioner alleges that these tapes were seized from his home by the police pursuant to a search warrant, that the prosecutor then failed to provide him with a copy, and that the police later effectively destroyed them.

The cause standard requires the petitioner to show that some objective factor, such as interference by government officials, impeded the petitioner's ability to either construct or raise the claim. *McClesky*, 499 U.S. at 493. The cause standard is not satisfied simply because government officials are alleged to have interfered with Petitioner's constitutional rights in some fashion, or because Petitioner raises a claim of government misconduct. Rather, the government interference must have prevented the petitioner from raising the claim, such as by rendering the petitioner unaware of the claim or leaving the petitioner with the mistaken impression that the claim had already been fairly presented to the state courts. *See, e.g.*, *Banks v. Dretke*, 540 U.S. 668, 692–94 (2004) (cause for failing to raise *Brady* claim existed when prosecutor withheld exculpatory evidence, had represented before trial that it would disclose all *Brady* material, had denied in earlier habeas action an assertion that would have been proven by the withheld material, and had stood silent when witness made misrepresentations that would have been proven by the withheld material); *Robinson v. Ignacio*, 360 F.3d 1044, 1054 (9th Cir. 2004) (petitioner's reliance on state's stipulation that his denial of counsel claim was properly before the court constituted "cause" for his delay in raising the claim on direct appeal).

Here, Petitioner has long been aware of the existence of the purportedly exculpatory material and of the potential *Brady* claim. The tapes were created by Petitioner and originally in his possession. From late 2011 to early 2012, prior to trial, Petitioner repeatedly corresponded with trial counsel about obtaining these tapes, and in May 2012, during trial, trial counsel filed a *Trombetta* motion seeking dismissal of these charges on the grounds that the government had destroyed this material exculpatory material in bad faith. Dkt. No. 25-3 at 82–94. The alleged government action — failure to produce, and destruction of, exculpatory material — thus did not prevent Petitioner from timely raising his *Brady* claim on direct appeal or in his initial petition. Moreover, the government's alleged failure to turn over tapes in which the victim allegedly

threatened to kill Petitioner is unrelated to the habeas claims raised for the first time in the second petition: trial court error in allowing the coroner to testify regarding strangulation mechanics, instructional error, trial court error in restricting the cross-examination of key prosecution witness, prosecutorial misconduct, ineffective assistance of appellate counsel, and insufficient evidence to support the conviction. Petitioner did not need to be in possession of the allegedly exculpatory tapes to raise or construct these claims. Accordingly, the prosecutor's asserted failure to produce, and the police's destruction of, the audiotapes does not constitute cause to excuse the procedural default.

**b. Ineffective Assistance of Appellate Counsel**

Petitioner argues that appellate counsel was ineffective for failing to raise these claims earlier, which constitutes cause to excuse the procedural default pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012). Dkt. No. 27 at 2–3; Dkt. No. 37 at 1–3. He argues that because the appellate counsel was provided by the state, the errors made by appellate counsel must also be attributed to the state. Dkt. No. 37 at 1–2.

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court announced an equitable rule by which cause is found to excuse the procedural default of a claim of ineffective assistance of trial counsel. *Martinez* applies where: (1) the claim was "substantial;" (2) state law requires the claim be brought in an initial-review collateral proceedings; (3) there was no counsel or only ineffective counsel during the state collateral review proceeding; and (4) the state collateral proceeding was the "initial" review proceeding for the claim. *Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (discussing *Martinez,* 132 S. Ct. at 1318-19, 1320-21). *Martinez* applies where the state's "procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise the claim of ineffective assistance of trial counsel on direct appeal." *Id.* at 423. The *Martinez* exception arguably applies to California petitioners because, under California law, "except in those rare instances where there is no conceivable tactical purpose for counsel's actions, claims of ineffective assistance of counsel should be raised on habeas corpus, not on direct appeal." *People v. Lopez*, 42 Cal. 4th 960, 972 (2008).

The Court finds that Petitioner's argument fails for the following reasons.

First, the *Martinez* exception only excuses the procedural default of claims of ineffective assistance of trial counsel. *See Martinez*, 566 U.S. at 9 ("This opinion qualifies *Coleman* by recognizing a narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."). The Supreme Court specifically declined to extend the *Martinez* exception to procedurally defaulted claims of ineffective assistance of appellate counsel. *Davila v. Davis*, 137 S. Ct. 2058, 2065–66 (2017); *see also Hurles v. Ryan*, 914 F.3d 1236, 1237–38 (9th Cir. 2019) (noting that *Davila* abrogated the Ninth Circuit's holding in *Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013), which had extended *Martinez* exception to procedurally defaulted claims of ineffective assistance of appellate counsel). Accordingly, ineffective assistance of appellate counsel cannot constitute cause to excuse the procedural default of Claim Nos. 6–9, 11, 12, and 14.

Second, Petitioner's claims of ineffective assistance of trial counsel raised solely in his second state habeas petition do not fall under the *Martinez* exception because the procedural default did not occur in the initial review proceeding for his claims. The California Supreme Court imposed its untimeliness bar in petitioner's second collateral proceeding in state court. The *Martinez* rule does not apply in

> appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts. It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons.

*Martinez*, 566 U.S. at 16. Here, the initial-review collateral proceedings took place in the state appellate court when Petitioner filed his first state habeas petition. Because the procedural bar applied by the California Supreme Court took place in a later state collateral proceeding, the exception under *Martinez* does not apply.

Because Petitioner has failed to demonstrate cause to excuse the procedural default, the Court declines to consider whether he has demonstrated prejudice.

**4. Miscarriage of Justice Exception**

Petitioner argues that he is entitled to the miscarriage of justice exception because he is

actually innocent. Dkt. No. 27 at 3. He argues that there were many significant constitutional errors in his trial, such as the prosecutor's knowing presentation of false evidence and testimony, and that in the absence of such errors, no jury would have convicted him. Dkt. No. 27 at 12. In order to pass through the "miscarriage of justice" gateway established in *Schlup*, Petitioner is required to present new evidence of his actual innocence. As discussed *supra*, an actual innocence claim requires "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. The test is whether, with the new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty. *Schlup*, 513 U.S. at 327. Petitioner's arguments regarding his factual innocence rely on errors made at trial and false evidence presented at trial. He has presented no new reliable evidence that was not presented at trial. Accordingly, Petitioner is not entitled to the miscarriage of justice exception to the procedural default rule.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Respondent's motion to dismiss the petition in part. Dkt. No. 25.

The following claims are DISMISSED as procedurally defaulted and barred from federal review: Claim Nos. 6–9, 11, 12, and 14, and the subclaims in Claim No. 10 not presented in the petition for review or the initial state habeas petition.

The following claims remain: (1) the trial court erred in denying Petitioner's *Trombetta*/*Youngblood* motion for a new trial; (2) the trial court erred in admitting a variety of prejudicial and inflammatory letters; (3) the trial court deprived Petitioner of the right to present a complete defense by threatening to admit inflammatory and prejudicial evidence if he did so; (4) the trial court erred in admitting prejudicial and inflammatory evidence, which served no purpose other than to arouse the jury's passions and prejudices; (5) the trial court erred by failing to instruct the jury on imperfect self-defense voluntary manslaughter; (10) trial counsel was ineffective when she failed to object to (a) the admission of certain letters written by Petitioner, (b) the admission of assistant medical examiner Dr. Jorden's testimony regarding strangulation, and (c) to two instances of prosecutorial misconduct during the prosecutor's summation to the

jury, specifically the prosecutor's misstatement of the law with respect to the burden of proof and the prosecutor's vouching for prosecution witness Eva Swierski; and (13) the cumulative effect of the above errors prejudiced Petitioner.[4]

Within sixty (60) days of the date of this Order, Respondent shall file with the Court and serve on Petitioner, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within thirty (30) days of the date the answer is filed.

This order terminates Dkt. No. 25.

**IT IS SO ORDERED.**

Dated: 8/28/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

[4] The Court refers to these claims by the numbers assigned in the July 18, 2018 Order to Show Cause for consistency and to avoid confusion.